UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEITH JENNINGS,

      Plaintiff,

  -against-                              9:01-CV-0077
                                                  (LEK/DEP)
NEW YORK STATE TROOPER MARRERO,
and UNITED STATES OF AMERICA,

      Defendants.

## DECISION AND ORDER

      This matter comes before the Court following a Report-Recommendation filed on March 28, 2005 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York.

      Within ten days, excluding weekends and holidays, after a party has been served with a copy of a Magistrate Judge's Report-Recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations," FED. R. CIV. P. 72(b), in compliance with L.R. 72.1(b). In the interval of at least 15 days since the Magistrate Judge filed the subject Report-Recommendation, no objections to it have been raised. When timely objections have not been filed, the Court reviews the Report-Recommendation for clear error. FED. R. CIV. P. 72(b). A finding is clearly erroneous when, upon considering all the evidence, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *See Champion Home Builders Co. v. ADT Sec. Servs.*, 179 F. Supp. 2d 16, 29 (N.D.N.Y. 2001) (Hurd, J.) (citing

1

*United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court adopts the Magistrate Judge's recommendation to dismiss the claims against Defendant New York State Trooper Marrero ("Trooper Marrero") based upon Plaintiff Keith Jennings' ("Jennings") failure to establish either a constitutional violation associated with the initial seizure of the currency in question or Trooper Marrero's personal involvement in the transfer of the disputed monies to the FBI and the subsequent forfeiture proceedings.  However, the Court finds that the recommendation to deny Defendant United States of America's motion for summary judgment was clearly erroneous, and the Court modifies that portion of the Report-Recommendation.

*Background*

Following the seizure of $8,870 from the impounded vehicle which Jennings occupied at the time of the traffic stop by Trooper Marrero on March 29, 1997, the Federal Bureau of Investigation ("FBI") adopted that seizure based on alleged violations of the Controlled Substances Act, 21 U.S.C. § 881.  Marrero Aff. (Dkt. No. 14) at ¶ 3; Gangel Aff. (Dkt. No. 30) at ¶ 4.

In accordance with the requirements of 19 U.S.C. § 1607(a), notice of the seizure was initially published in the New York Times, as a newspaper of general circulation within the Northern District of New York, on May 4, 11, and 18, 1997.  Gangel Aff. (Dkt. No. 30) at ¶ 7, Exh. 5.  Those publications advised that the last day to file a claim regarding the currency was June 2, 1997.  *Id*.

Written notice of the seizure was sent by the FBI on April 15, 1997 to Jennings by certified

mail, return receipt requested, and addressed to him at 27 Faxton Street, Utica, New York 12501.[1] Gangel Aff. (Dkt. No. 30) at ¶ 5, Exh. 1.  Copies of a similar forfeiture notice were also mailed on or about April 15, 1997 to two attorneys in the Utica, New York area, Edward Kaminski, Esq. ("Kaminski") and Rebecca Whitman, Esq. ("Whitman").[2]  Gangel Aff. (Dkt. No. 30) at ¶ 6.  The Government submitted a return receipt from the notice mailed to Jennings at the Faxton Street address which appears to have been signed by Jennings.  Gangel Aff. (Dkt. No. 30) Exhs. 1, 2.  Jennings denies that the signature is his and claims that he never received notice from the FBI or from Whitman of the pending forfeiture.  Jennings Aff. (Dkt. No. 33) at ¶¶ 3, 6, 8, 9.  Jennings appeared on June 4, 1997 at the Albany FBI office and attempted to file a claim and a cost bond to challenge the contemplated forfeiture.  Gangel Aff. (Dkt. No. 30) at ¶ 8.  After being advised that he was required to provide a cashier's check in order to lodge a claim with respect to the seized cash, Jennings left the office and did not return or make any further inquiries or efforts to contest the forfeiture.  *Id*.  On September 10, 1997, the money was administratively forfeited by the FBI.[3]  *Id*. at ¶ 9.

---

[1] Jennings claims this was not his address at the time, but that his actual address was 142 Ringdahl Court Apartments #3, Rome, New York.  Jennings Aff. (Dkt. No. 33) at ¶¶ 4 and 5, Exh. 1.

[2] There is some conflict in the record concerning the roles of attorneys Whitman and Kaminski. The United States refers to Whitman as Jennings' "attorney of record." Gangel Aff. (Dkt. No. 30) at ¶ 6. Jennings acknowledges that Whitman represented him in "state criminal proceedings unrelated to these proceedings" but states that she did not represent him on this matter. Jennings Aff. (Dkt. No. 33) at ¶ 7. Neither party mentions Kaminski's role.

[3] For further background and procedural history, see the Magistrate Judge's Report-Recommendation (Dkt. No. 34).

*Discussion*

A. *Summary Judgment Standard*

Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Once the movant has demonstrated that there is no genuine issue of material fact to be decided with respect to any essential element of the nonmoving party's claim, it becomes the opposing party's burden to show, through affidavits or otherwise, that there is a material factual issue for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250. A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. While *pro se* plaintiffs are given wider latitude when challenging summary judgment motions, they must establish more than merely "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999). When deciding a summary judgment motion, the court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party. *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*. 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted).

B. *Adequacy of Notice*

Plaintiff contends that summary judgment is improper because there is a disputed issue of material fact as to whether he was afforded proper notice of the forfeiture proceedings. Jennings' Response (Dkt. No. 33) at 5. Specifically, he claims that he did not receive actual notice of the pending forfeiture proceedings, that the address to which notice was sent, 27 Faxton Street, Utica, New York, was not his address at the time, that Whitman did not represent him on this matter and did not notify him of the forfeiture, and that the signature on the return receipt submitted by the Government was not in fact Jennings' signature. Jennings Aff. (Dkt. No. 33) at ¶¶ 3, 4, 5, 6, 7, 8.

Under the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 881, the FBI may follow an administrative forfeiture procedure governed by customs laws for forfeiture of property valued at $500,000 or less. 19 U.S.C. § 1607; 21 U.S.C. § 881(d); *Boero v. Drug Enforcement Admin.*, 111 F.3d 301, 304 (2d Cir. 1997). This requires "notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such a manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a)(4).

Jennings contends that, in following the above procedures, the Government did not afford him due process to contest the forfeiture. Jennings' Response (Dkt. No. 33) at 2-4. The appropriate test for evaluating due process claims for forfeiture proceedings under the Drug Abuse Prevention and Control Act is found in *Mullane v. Ctr. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). *Dusenberry v. United States*, 534 U.S. 161, 167 (2002). Under *Mullane*, notice must be

"reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. This standard of reasonableness under the circumstances does not require that the notifying party provide actual notice, but that it simply *attempt* to provide actual notice. *Dusenberry*, 534 U.S. at 170 (citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 796 (1983)); *Weigener v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988). Therefore, Jennings' assertion that he did not receive actual notice of the forfeiture cannot, by itself, stand to defeat the Government's summary judgment motion.

Of course, actual notice and other special methods and practices may go farther to ensure notification than those used in the instant case. "But the Due Process Clause does not require such heroic efforts by the Government." *Dusenberry*, 534 U.S. at 170. In most circumstances, sending notice by ordinary mail will satisfy due process, *Weigener*, 852 F.2d at 650, and publication is also required in cases that fall under 19 U.S.C. § 1607. In the instant case, the FBI took the additional step of mailing notice to Jennings' attorney, or an attorney known to have represented Jennings in the past.

Jennings asserts that notice was defective because the FBI mailed him at the wrong address. Jennings' Response (Dkt. No. 33) at 2-3. The standard set forth in *Mullane* requires only that notice be mailed with the reasonable expectation that it will reach its object. The "means employed must be such as one desirous of actually informing the absentee might reasonably adopt." *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1161 (2d Cir. 1994) (quoting *Mullane*, 339 U.S. at 314). Absent a claim that the FBI knew or should have known that a mailing to Faxton Street would not reach Jennings, *see Robinson v. Hanrahan*, 409 U.S. 38 (1972), there is no

indication the FBI acted unreasonably and Jennings has not made such a claim.  Moreover, a signed return receipt, whether actually signed by Jennings or not, "would provide virtually conclusive evidence that the notice was received, thereby permitting proof of receipt."  *Weigener*, 852 F.2d at 650.  Jennings has not asserted that the FBI themselves tampered with the return receipt; the Government would thus have no reason to suspect the signature was a forgery or that the mailing had not reached its object.

Even if the Government knew its mailing had not reached Jennings, it would not have violated due process.  In *Bye v. United States*, 105 F.3d 856 (2d Cir. 1997), plaintiff was a pretrial detainee in a federal detention center.  *Id.* at 857.  Notice was sent in that case to Bye's pre-incarceration address and a Baltimore correctional facility, but not the detention center at which Bye was held; both notification letters were returned to the Government as undeliverable.  *Id*. at 857.  Though ordinarily this would have been inadequate notice, *see Torres*, 25 F.3d at 1161, a notification letter was also sent to Plaintiff's counsel who represented him in a related criminal proceeding.  *Bye*, 105 F.3d at 857.  Jennings contends that Whitman was not representing him for the forfeiture, but on a separate criminal proceeding.  Jennings Aff. (Dkt. No. 33) at ¶ 7.  Again, the test measures the reasonableness of the efforts of the FBI to notify Jennings and it was certainly reasonable for the FBI to entrust Whitman with a notification letter for her former or current client.  Since Jennings was not held in a federal detention center as was the plaintiff in *Bye*, the FBI did not have access to a similar network of information and was not constrained by the heightened duty to seek out Jennings' whereabouts as announced in *Torres* and *Bye*.  *Torres*, 25 F.3d at 1161; *Bye*, 105 F.3d at 857.

Finally, Jennings' own conduct and his awareness of related criminal proceedings and the impounded vehicle were likely to alert him to the possibility of forfeiture. *Weigener*, 852 F.2d at 651. This was apparently the case as Jennings maintains he appeared at the FBI office "by coincidence . . . in a futile attempt to recover his property." Jennings' Response (Dkt. No. 33) at 4. Though "a party's ability to take steps to safeguard his interests [does not relieve] the state of its constitutional obligation to use notice reasonably calculated to inform interested parties", *Weigner*, 852 F.2d at 651 (citing *Mennonite Bd. of Missions*, 462 U.S. at 799), the likelihood that a party will learn of pending forfeiture proceedings on his own can be used in determining what notice is reasonable under the circumstances. *Weigener*, 852 F.2d at 651 (citing *Bender v. City of Rochester*, 765 F.2d 7, 11 (2d Cir. 1985)).

Therefore, the Government's motion for summary judgment is granted.

Accordingly, it is hereby

ORDERED that the Report-Recommendation is **APPROVED** and **ADOPTED** in part and **MODIFIED** in part; and it is further

ORDERED that Defendant New York State Trooper Marrero's motion for summary judgment is **GRANTED**; and it is further

ORDERED that Defendant United States of America's motion for summary judgment is **GRANTED**; and it is further

ORDERED that Plaintiff's complaint is dismissed in its entirety; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

DATED: June 28, 2005
Albany, New York

Lawrence E. Kahn
U.S. District Judge